# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VERONICA RAGLAND,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-22-0243-W-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>　　HUMAN SERVICES,<br>　　　　　Agency. | DATE: July 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Veronica Ragland, Phoenix, Arizona, pro se.

Suzanne Nicole Nardone, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action in this individual right of action appeal. On petition for review, the appellant argues that the agency failed to rebut her prima facie case of reprisal for her protected disclosures about

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

budgetary matters. Petition for Review (PFR) File, Tab 1. She argues that the evidence in support of her June 2021 performance overview and September 2021 probationary termination is weak, *id.* at 10-14, 16-23, and the motive to retaliate on the part of relevant officials was strong, *id.* at 7-10, 15, 23-26. The appellant also suggests that the agency may have had relevant evidence about potential comparators that the agency simply failed to produce.[2] *Id.* at 15-16, 26. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant did not prove that an alleged disclosure about reimbursement for Government Accounting Office (GAO) engagements was protected, we AFFIRM the initial decision.

---

[2] Even if the lack of comparator evidence caused the third factor of the clear and convincing analysis to weigh slightly against the agency, we believe that the strength of the agency's reasons for taking the action and the slight motive to retaliate still support a finding that the agency proved by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's protected disclosures. *See Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) (finding that while the absence of evidence on the third factor may remove it from the analysis, its absence may also "cut slightly against" the agency); *see also Rickel v. Department of the Navy*, 31 F.4th 1358, 1364-65 (Fed. Cir. 2022) (noting that the absence of evidence on the third factor "will not necessarily" prevent the agency from meeting its burden).

The administrative judge substantively addressed, on the merits, the appellant's allegations of reprisal for one alleged disclosure about the possible misdirection of funds allocated for Federal Parent Locator Service (FPLS) to other agency priorities and another alleged disclosure about the agency preventing some states and localities from claiming federal financial participation of FPLS fees. Initial Appeal File (IAF), Tab 32, Initial Decision (ID) at 8-39. She found that the appellant proved that those disclosures were protected based on the appellant's reasonable belief that she was revealing the kinds of wrongdoing covered under the whistleblower protection statutes. ID at 12-20. The administrative judge also found that the agency established that these protected disclosures were a contributing factor in the appellant's June 2021 performance overview and her September 2021 probationary termination. ID at 20-21. But the administrative judge denied corrective action after finding that the agency proved that it would have taken the same personnel actions in the absence of the aforementioned disclosures. ID at 21-39.

Separately, the administrative judge indicated that the appellant seemed to abandon a third disclosure about the agency failing to obtain reimbursement for GAO engagements, which was mentioned in an initial pleading. ID at 12; IAF, Tab 1 at 22, 26. Nothing in the appellant's petition for review suggests otherwise. PFR File, Tab 1. We nevertheless modify the initial decision to find that, even if the appellant did not abandon the disclosure, the appellant failed to meet her burden of proving that it was a separate protected disclosure.

A protected disclosure is a disclosure that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Turner v. Department of Agriculture*, 2023 MSPB 25, ¶ 14. A close-out letter from the Office of Special Counsel (OSC), which first investigated the appellant's claims of whistleblower reprisal, described the alleged disclosure at issue as one revealing that the agency had failed to collect

and seek reimbursement for GAO engagements. IAF, Tab 1 at 26. We found what seem to be some corresponding references in the appellant's initial complaint to OSC. *Id.* at 22. However, the appellant has not directed us to any further argument or evidence to prove that she made this disclosure or prove that it is protected under the whistleblower statute. We nevertheless reviewed the appellant's various pleadings and found numerous instances of the appellant indicating that she complained to GAO but no further mention of her making protected disclosures about reimbursements for GAO engagements. IAF, Tabs 4, 6, 26.

We recognize, as the administrative judge did, that each of the appellant's alleged disclosures generally involve budget and funding issues made over the same period. ID at 12. But it was the appellant's burden of proving by preponderant evidence that she made protected disclosures. In the absence of further argument and reference to specific evidence, we find that the appellant has not proven, by preponderant evidence, that she made an additional protected disclosure about reimbursements for GAO engagements, separate from her other protected disclosures. We modify the initial decision accordingly. Regardless of her intent to pursue or abandon this disclosure, the appellant did not prove that it was protected.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. &sect 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.